1
2
3
4
5
6
7
8

9          UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11          SAN JOSE DIVISION

12

| | |
|---|---|
| ANDY'S BP, INC., a California corporation, SABEK, INC., a California corporation, and ANDY SABERI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SAN JOSE, JOSEPH HORWEDEL, individually, and AMIR SHIRAZI, individually and d/b/a MOE'S STOP, and AMIR SHIRAZI, as Trustee for the MOHAMMAD M. SHIRAZI LIVING TRUST, and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 12-CV-01631-LHK<br><br>ORDER GRANTING MOTIONS TO DISMISS |

Plaintiffs, Andy's BP, Inc. ("Andy's BP"), Sabek, Inc., and Andy Saberi (collectively, "Plaintiffs"), bring this action against the City of San Jose, Joseph Horwedel ("Horwedel"), and Amir Shirazi ("Shirazi") (collectively, "Defendants") alleging: (1) violation of the Fourteenth Amendment's Equal Protection Clause; (2) violation of Plaintiffs' right to equal protection of the laws guaranteed by Article 1, Section 7, of the California Constitution; (3) violation of 42 U.S.C. § 1983; (4) violation of the California Business and Professions Code § 17200, *et seq*., unlawful

1

United States District Court
For the Northern District of California

1    and unfair business acts and practices; (5) intentional interference with prospective economic

2    advantage; and (6) negligent interference with prospective economic advantage.  *See* First

3    Amended Complaint ("FAC"), ECF No. 11.

4         Having considered the submissions of the parties and the relevant law, the Court hereby

5    GRANTS Defendants' Motions to Dismiss Plaintiffs' federal law claims, the first and third causes

6    of action.  The Court dismisses Plaintiffs' federal claims with prejudice as Plaintiffs were already

7    granted leave to amend these claims, yet failed to cure the previously identified deficiencies in the

8    FAC.  Further, the Court believes that further amendment will prove futile.

9         In light of the Court's dismissal of Plaintiffs' federal claims, the Court declines to exercise

10   jurisdiction over the remaining state law claims.  Therefore, the Court GRANTS Defendants'

11   Motions to Dismiss as to the remaining state law claims—the second, fourth, fifth, and sixth causes

12   of action—without prejudice.  Plaintiffs may re-file these claims in state court.  In addition, the

13   Court finds that Plaintiffs Sabek, Inc. and Andy Saberi lack standing because of their failure to

14   allege individual injury.  If Plaintiffs re-file in state court, Plaintiffs Sabek, Inc. and Andy Saberi

15   must correct this deficiency.

16   **I.        BACKGROUND**

17        **A.  Factual Allegations**

18        Plaintiff Andy's BP is the owner and operator of a gasoline service station.  FAC ¶ 14.

19   Plaintiffs Andy Saberi and Sabek, Inc. own the land on which the gas station operates.  FAC ¶ 15.

20   Defendant Shirazi owns and operates Moe's Stop, a gas station that is located across the street from

21   Andy's BP.  FAC ¶¶ 6, 17.  Plaintiffs are in competition with Shirazi in the sale of gasoline to the

22   public.  FAC ¶ 16.

23        On or about April 1, 2009, Shirazi requested a Conditional Use Permit ("CUP") from the

24   City of San Jose to allow demolition of a single family residence and expansion of his gas and

25   service station.  FAC ¶ 19.  Plaintiffs objected to issuance of the CUP, and raised these objections

26   before the San Jose Planning Commission and the San Jose City Council.  FAC ¶20.  Nevertheless,

27   on June 15, 2010, the City of San Jose approved the CUP for Shirazi.  *Id.*

28

**United States District Court**
For the Northern District of California

Case No.: 12-CV-01631-LHK
ORDER GRANTING MOTIONS TO DISMISS

1    Plaintiffs then filed a Petition for Writ of Mandate against the City of San Jose and Shirazi

2    in the Santa Clara Superior Court.  FAC ¶ 21.  The Superior Court judge granted Plaintiffs'

3    petition, finding that the City of San Jose "failed to proceed in the manner required by law" when

4    approving the CUP.  *Id.*; FAC, App. A, at 7.  The Superior Court then issued a peremptory writ of

5    mandate, which set aside the Shirazi CUP and ordered the preparation of an environmental impact

6    report.  FAC ¶ 23; FAC, App. B, at 2.  The peremptory writ also ordered the City of San Jose "to

7    suspend all activities of the Shirazi CUP . . . that could result in an adverse change or alteration to

8    the physical environment until completion of the environmental impact report . . . ."  *Id.*; FAC,

9    App. C, at 2.

10    Plaintiffs allege that, thereafter, Defendants City of San Jose and Horwedel, the Director of

11    San Jose's Planning, Building and Code Enforcement Department, unlawfully ignored violations of

12    local zoning ordinances by Defendant Shirazi, while at the same time enforcing the zoning laws

13    and regulations against Plaintiffs in a discriminatory fashion.  *See* FAC ¶¶ 25, 27.  For example,

14    after issuance of a second CUP to Shirazi, Defendants City of San Jose and Horwedel allegedly

15    ignored evidence showing that Shirazi improperly remodeled his roof, awning, and garage without

16    a permit from the City of San Jose, and allowed Shirazi to disregard "the CUP conditions regarding

17    the egress and ingress to and from the gas station premises."  FAC ¶ 25(c).  In contrast, Defendant

18    Horwedel issued Plaintiffs a "series of harassment [administrative] citations," which "disrupted and

19    interfered with Plaintiffs['] business."  FAC ¶¶ 25(b), 27.

20    As a result of Defendants' "unequal enforcement of the laws of the State of California and

21    the zoning requirements of the City of San Jose," Defendants provided Shirazi with a competitive

22    advantage over Plaintiffs' service station business and caused Plaintiffs' economic harm.  FAC

23    ¶¶ 24, 27.  Consequently, Plaintiffs seek monetary damages for lost business, income, and property

24    use, as well as a permanent injunction restraining Defendants from discriminating against

25    Plaintiffs.  FAC at 9–10.

26    **B.  Procedural History**

27    Plaintiffs filed a complaint against Defendants on April 2, 2012.  ECF No. 1.  Defendants

28    City of San Jose, Horwedel, and Shirazi then filed Motions to Dismiss.  ECF Nos. 5 & 6.  On June

Case No.: 12-CV-01631-LHK
ORDER GRANTING MOTIONS TO DISMISS

6, 2012, the Honorable James Ware granted Defendants' Motions to Dismiss Plaintiffs' first and third causes of action, with leave to amend, and declined to consider the merits of Plaintiffs' remaining claims, all of which involved state law.  *See* ECF No. 10 ("Order Granting Motions to Dismiss").

On June 24, 2012, Plaintiffs filed a first amended complaint.  ECF No. 11.  Defendants San Jose and Horwedel then filed a Motion to Dismiss the FAC based on: (1) failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (2) lack of subject matter jurisdiction as required by Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *See* Mot. to Dismiss Pl.'s FAC ("Mot."), ECF No. 13.  Defendant Shirazi also filed a Motion to Dismiss Plaintiffs' FAC, ECF No. 17, "on the grounds set forth in the motion to dismiss the first amended complaint filed on behalf of defendants City of San Jose and Joseph Horwedel . . . insofar as those grounds apply to [Shirazi]."  *Id.* at 2.  Plaintiffs then filed an opposition the motion filed by Defendants City of San Jose and Horwedel, *see* Pl.'s Opp. to Defs.' Mot. to Dismiss FAC ("Opp'n"), ECF No. 21, to which Defendants City of San Jose and Horwedel filed a reply, *see* Defs.' Reply Supp. Mot. to Dismiss P1.'s FAC ("Reply"), ECF No. 22.

This case was reassigned to the undersigned on September 6, 2012.  ECF No. 23.

## II.     LEGAL STANDARDS

### A.  Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).  For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**United States District Court**
For the Northern District of California

4

Nonetheless, the court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

### B. Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A Rule 12(b)(1) motion to dismiss tests whether a complaint alleges grounds for federal subject matter jurisdiction. If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins.Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (same).

### C. Leave to Amend

If the court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citation

5

omitted).  Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

## III.   DISCUSSION

Defendants move to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) on the grounds that: (1) Plaintiffs' equal protection claims fail because Plaintiffs have not alleged discriminatory treatment;  (2) Plaintiffs' state law claims fail because they are dependent on the federal claims; and (3) Defendants City of San Jose and Horwedel are immune from liability on Plaintiffs' state law tort claims.  *See* Mot. at 1–2.  Defendants also challenge Sabek, Inc. and Andy Saberi's standing pursuant to Rule 12(b)(1).  *Id.*  Plaintiffs' oppose Defendants' Motion to Dismiss, arguing that the FAC alleges sufficiently: (1) a denial of equal protection based on a so-called "class of one" theory; and (2) viable state law claims because California Civil Code § 52.1 creates a private right of action for the deprivation of California Constitutional rights.  In addition, Plaintiffs contest that the City of San Jose and Horwedel are immune from liability because of the mandatory duties imposed by the United States and California Constitutions.  Opp'n at 5, 8–9.  For the reasons stated below, the Court GRANTS Defendants' Motions to Dismiss in its entirety.

### A.  Plaintiffs' Federal Law Claims

First, Defendants move to dismiss Plaintiffs' FAC for failing to state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.[1]  Mot.

---

[1]   The Court addresses Plaintiffs' first and third causes of action together, and treats Plaintiffs' first cause of action as a Section 1983 claim for violations of the Fourteenth Amendment because Section 1983 "is not itself a source of substantive rights."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir.  2005) (internal quotation marks and citations omitted).  Rather, Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred."  *Id.*  "Accordingly, the conduct complained of must have deprived the plaintiff of some right, privilege or immunity protected by the Constitution or laws of the United States."  *Id.*
Although Judge Ware directed Plaintiffs to correct the error of alleging an equal protection claim and a Section 1983 claim separately, *see* Order Granting Motions to Dismiss at 5 n.11, Plaintiffs' FAC fails to remedy this error.  *See* FAC at 6–7.

6

1    at 2; *see* Fed. R. Civil P. 12(b)(6).  Specifically, Defendants argue that Plaintiffs' claim fails

2    because "no plaintiff is similarly situated with Shirazi and there is no allegation that any plaintiff

3    was treated differently than Shirazi with regard to anything defendants are alleged to have done."

4    Mot. at 1.

5           "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

6    'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

7    direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne*

8    *Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

9    Consequently, "[t]he equal protection clause forbids the establishment of laws which arbitrarily

10   and unreasonably create dissimilar classifications of individuals when, looking to the purpose of

11   those laws, such individuals are similarly situated.  It also forbids unequal enforcement of valid

12   laws, where such unequal enforcement is the product of improper motive."  *Williams v. Field*, 416

13   F.2d 483, 486 (9th Cir. 1969) (citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), and *People v.*

14   *Harris*, 5 Cal. Rptr. 852 (1960)).

15          The Supreme Court has "recognized successful equal protection claims brought by a 'class

16   of one,' where the plaintiff alleges that she has been intentionally treated differently from others

17   similarly situated and that there is no rational basis for the difference in treatment."  *Vill. of*

18   *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *see generally Sioux City Bridge Co.*

19   *v. Dakota County*, 260 U.S. 441, 445 (1923) ("The purpose of the equal protection clause of the

20   Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional

21   and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper

22   execution through duly constituted agents.") (internal quotation marks and citation omitted).

23          However, the Ninth Circuit has cautioned that class-of-one equal protection claims must be

24   "constrained" to avoid "provid[ing] a federal cause of action for review of almost every executive

25   or administrative government decision."  *Engquist v. Or. Dept. of Agric.*, 478 F.3d 985, 993 (9th

26   Cir. 2007).  "Where a plaintiff is making a class-of-one claim, the essence of the claim is that only

27   the plaintiff has been discriminated against, and therefore the basis for the differential treatment

28   might well have been because the plaintiff was unique; thus, there is a higher premium for a

7

Case No.: 12-CV-01631-LHK
ORDER GRANTING MOTIONS TO DISMISS

United States District Court
For the Northern District of California

plaintiff to identify how he or she is similarly situated to others." *Scocca v. Smith*, No. 11–1318, 2012 WL 2375203, at * 5 (N.D. Cal. June 22, 2012). "The goal of identifying a similarly situated class . . . is to isolate the factor allegedly subject to impermissible discrimination. The similarly situated group is the control group." *United States v. Aguilar*, 883 F.2d 662, 706 (9th Cir. 1989), *superseded by statute on other grounds*.

When making a class-of-one equal protection claim, "several [appellate] courts have indicated that there needs to be specificity [in identifying the similarly-situated class]." *Scocca*, No. 11–1318, 2012 WL 2375203, at * 5; *see, e.g.*, *Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.") (internal quotation marks and citation omitted); *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) ("[C]omparators must be *prima facie* identical in all relevant respects or directly comparable . . . in all material respects.") (internal quotation marks and citation omitted) (emphasis in original); *cf. Thornton v. City of St. Helens*, 425 F.3d 1158, 1167–68 (9th Cir. 2005) (denying class-of-one equal protection claim in the regulatory context where Plaintiffs, auto wreckers, could not show that the state entity imposed a burden on the Plaintiffs that it did not impose on others similarly situated within its jurisdiction). Furthermore, as the First Circuit noted in *Cordi-Allen v. Conlon*, 494 F.3d 245 (1st Cir. 2007), "the proponent of the equal protection violation must show that the parties with whom he seeks to be compared have *engaged in the same activity* vis-à-vis the government entity without such distinguishing or mitigating circumstances as would render the comparison inutile." *Id.* at 251 (emphasis added).

Initially, when granting Defendants' Motions to Dismiss Plaintiffs' first and third causes of action with leave to amend, Judge Ware found that Plaintiffs failed to state a claim for violation of the Equal Protection Clause because Plaintiffs:

> [did not allege] that they are similarly situated to any person who was treated differently, as Plaintiffs specifically allege that Defendant Shirazi, unlike Plaintiffs, was engaged in numerous violations of zoning regulations. Plaintiffs' Complaint further makes clear that Defendant Shirazi, unlike Plaintiffs, applied for a CUP, further undermining Plaintiffs' claim that Defendant Shirazi was similarly situated to them . . . .

Order Granting Motions to Dismiss at 4.

In the amended complaint, Plaintiffs fail to cure the deficiencies identified by Judge Ware previously.  Notably, in the FAC, Plaintiffs contend that they are "similarly situated with Shirazi as their competing businesses were across the street from each other, located at a busy intersection in the city of San Jose."  FAC ¶ 17.  However, Plaintiffs present no basis for this Court to infer that the parties' shared profession or geographic proximity are at all relevant to Defendants' alleged discriminatory enforcement of "the laws of the State of California and the laws of the City of San Jose."  *See* FAC ¶ 27; *but see Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1140 (9th Cir. 2011) ("[The Equal Protection Clause] keeps governmental decisionmakers from treating differently persons who are in all *relevant* respects alike.") (emphasis added); *see generally Adams*, 355 F.3d at1183 (conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.").

Most importantly, Plaintiffs' FAC does not set forth how Plaintiffs were actually treated differently from Shirazi.  As noted by Judge Ware previously, although Plaintiffs allege that San Jose did not enforce violations of Shirazi's CUP, Plaintiffs did not themselves apply for a CUP.  Therefore, Defendants did not—and could not—enforce the CUP differently for Shirazi as compared to Plaintiffs.  Similarly, while Plaintiffs allege that Defendant Horwedel subjected Plaintiffs to "harassment citations," Plaintiffs have not claimed that Shirazi violated the same city ordinances without citation.  The remainder of Plaintiffs' factual allegations suffer the same defect.  Without any specific factual allegations to demonstrate how Defendants treated Plaintiffs differently from Shirazi in the implementation or enforcement of any law or regulation, or why Plaintiffs and Shirazi were alike in all other "material respects," these is no basis for inferring that Defendants violated Plaintiffs' right to equal protection.

Despite these flaws in Plaintiffs' FAC, Plaintiffs rely on the doctrine of collateral estoppel to argue that substantial similarity has already been "establish[ed]."  *See* FAC ¶ 29.  Again, the Court disagrees.

"Collateral estoppel precludes relitigation of issues actually litigated and necessarily determined by a court."  *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir. 1985),

Case No.: 12-CV-01631-LHK
ORDER GRANTING MOTIONS TO DISMISS

1   *superseded by statute on other grounds as stated in Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842

2   F.2d 1154 (9th Cir. 1988) (per curiam).  "If a court does not make specific findings, the party must

3   introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in

4   the prior action . . . If there is doubt, however, collateral estoppel will not be applied.  If [a court's]

5   decision could have been rationally grounded upon an issue other than that which the defendant

6   seeks to foreclose from consideration, collateral estoppel does not preclude relitigation of the

7   asserted issue." *Id*. at 1518–1519 (internal citations omitted).

8          Here, Plaintiffs claim that the Superior Court's order and judgment granting the Peremptory

9   Writ of Mandate "establish that the City of San Jose treated Shirazi's business of selling gasoline to

10  the public differently to Plaintiffs' similarly situated business by intentionally failing to proceed in

11  a manner required by the laws of the State of California and the City of San Jose."  FAC ¶ 29.

12         However, Plaintiffs' FAC misrepresents the Superior Court's factual findings.  The

13  Superior Court's decision addressed whether or not San Jose's issuance of the first CUP to Shirazi

14  was in compliance with the California Environmental Quality Act ("CEQA").  *See* FAC, App'x A.

15  The Superior Court made no findings related to any actions against Plaintiffs, let alone whether

16  Plaintiffs were subject to an Equal Protection violation, were "similarly situated" to Defendant

17  Shirazi, or were treated differently.  Therefore, there is no basis to foreclose these issues from

18  consideration on the basis of collateral estoppel.  *See Shwarz*, 234 F.3d at 435 ("The court need not

19  accept as true . . . allegations that contradict facts that may be judicially noticed by the court").

20         Given the above-noted deficiencies, the fact that Plaintiffs have already been given leave to

21  amend these deficiencies once but failed to do so, and the fact that it does not appear that Plaintiffs

22  can make any additional allegations to cure these deficiencies, the Court GRANTS Defendants'

23  Motions to Dismiss Plaintiffs' first and third causes of action with prejudice.[2]

24  _____

25         [2]  In the initial Order Granting Defendants' Motions to Dismiss, Judge Ware found that
    Plaintiffs also failed to state a cause of action for a violation of the Equal Protection Clause

26  because Plaintiffs did not allege that Defendants' treatment was motivated by a discriminatory
    intent.  Order Granting Motions to Dismiss at 4.  In addition, Judge Ware noted that, "because

27  Defendant Shirazi is a private citizen, a § 1983 action may lie against him only if he 'jointly
    engaged with state officials in the challenged action.'"  *Id.* at 4 n.10 (quoting *DeGrassi v. City of*

28  *Glendora*, 207 F.3d 636, 647 (9th Cir. 2000)).  Since Plaintiffs failed to allege a Section 1983

**B.  Plaintiffs' State Law Claims**

Defendants also allege that Plaintiffs' state law claims fail because they are dependent on the federal claims.  In light of the Court's dismissal of Plaintiffs' federal claims, the Court declines to exercise jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *see also Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367–68 (9th Cir.1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (internal quotation marks and citation omitted); *O'Connor v. Nevada*, 27 F.3d 357, 363 (9th Cir.1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of the factors of economy, convenience, fairness, and comity will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, the Court DENIES without prejudice Plaintiffs' second, fourth, fifth, and sixth causes of action for violation of California's Equal Protection Clause, Article I, § 7 of the California Constitution, unfair competition, and interference with economic advantage.  Plaintiffs may re-file these claims in state court.

**C.  Plaintiffs' Standing**

Finally, Defendants seek an order dismissing all claims brought by Plaintiffs Sabek, Inc. and Andy Saberi, pursuant to Rule 12(b)(1), on the grounds that they have no standing to pursue the alleged claims.

The constitutional limitations on the standing doctrine require a litigant to allege: "(1) a threatened or actual distinct and palpable injury to [himself]; (2) a fairly traceable causal connection between the alleged injury and the . . . challenged conduct; and (3) a substantial likelihood that the requested relief will redress or prevent the injury."  *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1104 (9th Cir. 2006) (internal quotation marks and citation omitted).

---

claim against *any* Defendant, however, Judge Ware did not reach the question of whether Plaintiffs adequately alleged joint action by Defendant Shirazi and Defendant City of San Jose. *Id.*

Given that Plaintiffs again fail to allege a Section 1983 claim against any Defendant, this Court need not address whether Plaintiffs' new allegations regarding discriminatory motive and joint engagement suffice to cure the deficiencies identified previously.

11

**United States District Court**
For the Northern District of California

Here, Plaintiffs allege that Andy's BP, the gasoline service station business, sustained damages as a result of the challenged conduct. *See* FAC ¶¶ 27, 45, and 49. However, neither Sabek, Inc. nor Andy Saberi allege any separate damages for the alleged harm to Andy BP's gas station business. Mot. at 7; *but see Fleck & Assocs.*, 471 F.3d at 1104 ("A plaintiff seeking to invoke federal court jurisdiction must plead that *he* has suffered some cognizable injury to make the threshold showing of a case or controversy.") (emphasis in original); *see also Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) ("[T]he Art[icle] III judicial power exists only to redress or otherwise to protect against injury *to the complaining party.*") (internal quotation marks and citation omitted). Notably, Plaintiffs did not address Defendants' City of San Jose and Horwedel's Motion to Dismiss the claims brought by Plaintiffs Sabek, Inc. or Andy Saberi in their Opposition.

As neither Plaintiffs Sabek, Inc. nor Andy Saberi have alleged the invasion of any cognizable right, they have failed to establish the "irreducible constitutional minimum of standing." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Consequently, Plaintiffs have failed to meet their burden of establishing the Court's subject matter jurisdiction as to claims brought by these plaintiffs. Therefore, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiffs Sabek, Inc. and Andy Saberi without prejudice. *See Fleck & Assocs.*, 471 F.3d at 1106–1107; *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice.").

## IV.   CONCLUSION

The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' federal law claims, the first and third causes of action, with prejudice. In light of the Court's dismissal of Plaintiffs' federal claims, the Court declines to exercise jurisdiction over the remaining state law claims. Therefore, the Court GRANTS Defendants' Motions to Dismiss as to the remaining state law claims—the second, fourth, fifth, and sixth causes of action—without prejudice. Plaintiffs may re-file in state court. In addition, the Court finds that Plaintiffs Sabek, Inc. and Andy Saberi lack

Case No.: 12-CV-01631-LHK
ORDER GRANTING MOTIONS TO DISMISS

standing because of their failure to allege individual injury.  If Plaintiffs re-file in state court,

Plaintiffs Sabek, Inc. and Andy Saberi must correct this deficiency.  The Clerk shall close the file.

**IT IS SO ORDERED.**


Dated: February 6, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge